**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 25-cv-02189-RMR-MDB

THOMAS MBA,

Plaintiff,

v.

CAPITAL ONE AUTO FINANCE,

Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell entered on June 22, 2026, ECF No. 88, addressing Defendant's Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 52). Magistrate Judge Braswell recommends that the Defendant's motion be granted.

Plaintiff timely filed an objection and supplemental objection to the Recommendation at ECF Nos. 89, 90 (collectively, the "Objection"). The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiff's Objection and adopts the Recommendation.

## I. LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II. BACKGROUND

Plaintiff's claims arise from the alleged repossession and sale of a vehicle financed through Defendant. Plaintiff alleges Defendant wrongfully repossessed the vehicle when his account was in good standing. ECF No. 41 at 10. He further alleges that Defendant's "Dealer's Lien Perfection Department" sold the vehicle to CarMax, that CarMax physically took possession of the vehicle, and that when Plaintiff requested information on his account status and payoff confirmation, he was either ignored or met with misrepresentations. *Id.* at 10-12, 16-17. Plaintiff also alleges that personal property, including a family signet ring, was inside the vehicle at the time of repossession and has not been returned. *Id.* at 13.

Plaintiff's Second Amended Complaint ("SAC") brings seven claims for relief stemming from the alleged repossession, including claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), the Federal Trade Commission Act ("FTC Act"), the Colorado Consumer Protection Act ("CCPA"), as well as common law claims for negligence, breach of contract, and conversion.

## III. ANALYSIS

Magistrate Judge Braswell recommends granting Defendant's Motion to Dismiss because "[t]he SAC's factual allegations are too sparse to allow the Court to understand

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

what Plaintiff contends happened, let alone to assess whether those events plausibly entitle him to relief." ECF No. 88 at 4. Magistrate Judge Braswell further recommends that Plaintiff be granted 30 days to file a motion to amend his complaint, attaching a proposed third amended complaint that addresses the issues identified in the Recommendation. *Id.* at 7.

Plaintiff's lengthy Objection largely restates his claims and raises numerous arguments beyond the scope of the Motion to Dismiss and Recommendation. For example, he argues that the Recommendation "does not address the Defendant's lies on the record" and "would have life altering-consequences." ECF No. 89 at 7, 9. The Court does not address these because they do not bear on whether the SAC survives dismissal. *See* ECF No. 90.

Construed liberally, Plaintiff's specific, relevant objections to the Recommendation contend that: (1) the Magistrate Judge imposed an unreasonably high pleading standard on a pro se Plaintiff; (2) the Magistrate Judge ignored factual allegations and exhibits that support his claims; (3) Plaintiff has been prevented from obtaining discovery that would support his claims; and (4) the Magistrate Judge ignored the legal standard for civil conspiracy and agency. After a thorough de novo review of the relevant pleadings and applicable case law, the Court agrees with the Recommendation.

**A. Legal Standard for Pro Se Plaintiff**

First, the Court finds that the Magistrate Judge applied the proper standard to Plaintiff's pro se pleadings. She explained that because Plaintiff proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less

stringent standard than those drafted by attorneys." ECF No. 88 at 4 (quoting *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted)). Plaintiff argues that the Magistrate Judge held him to a higher standard by requiring a "level of detail that defeats the purpose of the liberal construction" and overlooked facts contained in the SAC's exhibits. ECF No. 89 at 3.

The Court finds this objection meritless. The SAC is not the picture of clarity, and Magistrate Judge Braswell considered the exhibits, attempted to reconcile them with Plaintiff's claims, and found the allegations insufficient. ECF No. 88 at 2 n.1, 3 n.4, 5 n.5. Liberal construction does not require a court to "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Upon de novo review, the Court finds that the Magistrate Judge properly took Plaintiff's pro se status into account when reviewing the pleadings.

**B. Sufficiency of Factual Allegations**

Plaintiff next objects that the Magistrate Judge's wrongly concluded that the SAC's factual allegations are too sparse and that the narrative is inconsistent. ECF No. 89 at 3-4. He maintains that his narrative and exhibits adequately support his claims and that the Recommendation improperly relied on immaterial missing details as grounds for dismissal, including when the loan was made, on what terms, in what amounts, and on what payment schedule. *Id.* at 4-5. After reviewing the SAC's allegations and attached

exhibits de novo, the Court agrees with the Magistrate Judge that the SAC does not adequately allege the facts necessary for each element of Plaintiff's claims.

The SAC lists various statutes and legal conclusions but does not allege facts showing what statutory or contractual obligations governed Defendant's conduct or how Defendant may be held responsible for CarMax's alleged repossession of the vehicle and taking of personal property. The FDA claim fails because Plaintiff does not allege facts showing that Defendant qualifies as a "debt collector" under the FDCPA. *See Maynard v. Cannon*, 401 Fed.Appx. 389, 393 (10th Cir. 2010) (To state a claim under the FDCPA, Plaintiff must allege that a debt collector violated some provision of the FDCPA when collecting a debt from a consumer.); 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); 15 U.S.C. § 1692a(6)(f) (excluding from definition of "debt collector" any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another . . . which was not in default at the time it was obtained by such person"); *Aday v. Cap. One Bank, (USA) NA*, No. 18CV01272RBJKMT, 2019 WL 943669, at *4 (D. Colo. Jan. 3, 2019), *report and recommendation adopted*, No. 18-CV-001272-RBJ-KMT, 2019 WL 935425 (D. Colo. Feb. 26, 2019) (holding Capital One "could not possibly be a 'debt collector' within the meaning of the federal or state FDCPA to the extent it sought to collect a debt owed to itself.").

The remaining statutory claims fare no better. Plaintiff invokes the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), but fails to identify a specific provision that Defendant has violated or a required TILA disclosure that Defendant failed to make. *Igou v. Bank of Am., N.A.*, 634 F. App'x 208, 211 (10th Cir. 2015) (affirming dismissal of TILA claim where complaint did not state which TILA disclosures the creditor failed to provide). His CCPA claim alleges only a private transaction and does not contain any non-conclusory allegations of a significant public impact. *See Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003) ("[I]f a wrong is private in nature, and does not affect the public, a claim is not actionable under the CCPA."). Further, there is no private right of action under the FTC Act. *See Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992).

Plaintiff's common law claims are also deficient. The negligence claim does not identify any duty arising from a special relationship between Plaintiff and Defendant. *Mayotte v. U.S. Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 985 F.3d 1248, 1252 (10th Cir. 2021) ("Colorado does not recognize a special relationship between lenders and borrowers, so Colorado appellate courts routinely dismiss borrowers' negligence claims against lenders.") (collecting cases). The breach of contract claim does not identify the contractual terms governing default, repossession, notice, or sale. Without those allegations, the Court cannot plausibly infer that Defendant's alleged conduct breached an enforceable contractual obligation. *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (to state a breach of contract claim, the plaintiff must allege that a party failed to perform

the contract); *cf. Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 859 (Colo. App. 2007) (finding breach of contract claim sufficiently pleaded where it specifically alleged how the contract was breached). Finally, the conversion claim does not allege facts showing that Defendant exercised dominion or control over Plaintiff's signet ring or other personal property, as Plaintiff alleges CarMax repossessed the vehicle containing that property. *See L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1081 (D. Colo. 2012) (To plead a prima facie case of conversion, a plaintiff must allege that: (1) "a defendant exercised dominion or control over property;" (2) the property in question belonged to the plaintiff; (3) "the defendant's exercise of control was unauthorized;" (4) the plaintiff "demanded return of the property;" and (5) "the defendant refused to return it.") (citation omitted).

The attached exhibits do not cure these deficiencies. Although they may support Plaintiff's allegation that the account was reported current after the vehicle was taken, they do not show that Defendant initiated, authorized, or controlled the repossession or otherwise explain Defendant's relationship with CarMax. See ECF No. 41-1. Exhibit D's call summaries, even accepted as true, merely suggest that Defendant's employees were confused about the vehicle's status. *Id.* at 9–15. Plaintiff therefore fails to explain how the exhibits fill the factual gaps in the SAC.

At most, Plaintiff's allegations suggest the possibility of misconduct; they do not show that Plaintiff is entitled to relief under any viable legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

shown—that the pleader is entitled to relief.") (quotations and alterations omitted)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss.") (quotation omitted)). Because the Court cannot supply these missing factual allegations or construct legal theories on Plaintiff's behalf, the Court overrules Plaintiff's objection.

**C. Entitlement to Discovery to Support Plaintiff's Claims**

Plaintiff also objects that the Recommendation unfairly requires evidence obtainable through discovery while simultaneously staying discovery. ECF No. 89 at 5-6. But a request for discovery is not a substitute for the factual allegations needed to state a plausible claim, *Iqbal*, 556 U.S. at 678; *see also Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1145 (10th Cir. 2023) (courts must "disregard conclusory allegations," i.e., allegations "in which an inference is asserted without stating underlying facts or including any factual enhancement" (quotation omitted)). Moreover, Plaintiff does not explain how the requested discovery would cure the pleading deficiencies identified above. The Court overrules this objection.

**D. Civil Conspiracy and Agency**

Finally, Plaintiff argues that the Recommendation "did not address Plaintiff's civil conspiracy and agency theories, which are the legal basis for holding [Defendant] liable for CARMAX's actions." ECF No. 89 at 6. But the SAC does not assert a civil conspiracy claim, and Plaintiff's undeveloped reference to agency is not a sufficiently specific

objection. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996); *Summers*, 927 F.2d at 1167.

To state a claim for civil conspiracy, Plaintiff must allege facts satisfying five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) resulting damages." *Coomer v. Donald J. Trump for President, Inc.*, 552 P.3d 562, 601 (Colo. App. 2024). In the SAC, Plaintiff alleges that "[e]ven though CARMAX physically took possession of the vehicle, the act was instigated, authorized, and enabled by [Defendant], making it legally attributable to the creditor." ECF No. 41 at 16. He further alleges that the repossession was "carried out through a secret or undisclosed agreement between [Defendant] and CARMAX, violating the principles of transparency and fairness." *Id.* at 17. These allegations are wholly conclusory and are not specific enough to demonstrate a civil conspiracy claim. *See Jorgensen v. Montgomery*, No. CIVA06CV00853-MSKBNB, 2008 WL 216398, at *2 (D. Colo. Jan. 24, 2008) ("To state a conspiracy claim, a plaintiff must do more than make conclusory allegations of a conspiracy.") (citing *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)).

**E. Leave to File Motion to Amend**

The Court finds that Plaintiff could potentially correct the pleading deficiencies in the SAC by amending his complaint to include more specific, detailed factual allegations supporting each element of his purported claims. Accordingly, the Court will grant Plaintiff 30 days to file a motion to amend his complaint, attaching a proposed third amended complaint that corrects the pleading deficiencies in the SAC. To be clear, this Order simply

grants Plaintiff the opportunity to file a motion to amend his complaint; it does not grant the motion at this time.

## IV. CONCLUSION

For the reasons set forth above and in the Recommendation, the Defendant's motion to dismiss is GRANTED and Plaintiff's claims are dismissed WITHOUT PREJUDICE. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should only attach to a dismissal when plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").

Accordingly, the Court ORDERS:

1. Plaintiff's Objection and Supplemental Objection to the Recommendation, ECF Nos. 89, 90, are OVERRULED;
2. The Recommendation, ECF No. 88, is ACCEPTED AND ADOPTED as set forth above;
3. The Defendant's Motion to Dismiss, ECF No. 52, is GRANTED; and
4. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. If Plaintiff chooses to file a motion to amend, he must do so by October 22, 2026.

DATED: September 21, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge